AARON D. FORD
  Attorney General
RUDOLF M. D'SILVA (Bar No. 16227)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3375 (phone)
(702) 486-3768 (fax)
Email: rdsilva@ag.nv.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SYDNEY SHACKERFORD, | Case No. 2:23-cv-02069-GMN-DJA |
| Plaintiff, | |
| v. | **STIPULATION TO STAY DISCOVERY** |
| MACEDO, *et al.*, | |
| Defendants. | |

Plaintiff Sydney Shackerford, by and through his counsel, Peter Angulo Esq., and Defendants, by and through Aaron D. Ford, Attorney General for the State of Nevada, and Rudolf M. D'Silva, Deputy Attorney General, hereby stipulates to stay discovery in this matter.

## I.    BACKGROUND

On August 25, 2025, after Plaintiff's counsel deposed a witness to this lawsuit, the Parties had an opportunity to meet and confer. *See* LR 26-6(c). Defense counsel informed Plaintiff's counsel that they were planning on filing an Early Exhaustion Motion for Summary Judgment (MSJ). Defense counsel informed Plaintiff's counsel that the state was experiencing technical issues that morning, but Defendants planned on filing their MSJ by Tuesday, September 2, 2025. Later that day Plaintiff's counsel sent Defense counsel an email informing him he would be willing to stipulate to a stay of discovery until the Court rendered a decision on Defendants MSJ.

Since August 25, 2025, Defense counsel has learned the technical issues the State was experiencing as of this date was due to a sophisticated cyberattack orchestrated by unknown assailants on the State of Nevada's computer networks. As a result, Defense counsel has not had access to files necessary to draft Defendants' MSJ.

Due to the pending cyberattack, which has not been resolved as of this date, and Defendants intent to file an Early Exhaustion Motion for Summary Judgment once the State has restored its systems damaged during this cyberattack, the Parties have agreed to stipulate to stay discovery until this Court renders a decision on Defendants' MSJ.

## II. LEGAL STANDARD

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Instead, a party seeking to stay discovery carries the burden of making a strong showing why discovery should be denied. *See, e.g., Turner Broadcasting Sys., Inc. v. Tracinda Corp.,* 175 F. R. D. 554, 556 (D. Nev. 1997). In deciding whether to grant a stay of discovery, the court is guided by the objectives of FED. R. CIV. P. 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay*, 278 F. R.D. at 602–03. Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants. *Little*, 863 F.2d at 685 (noting a stay of discovery furthered the goal of efficiency where a party had moved for judgment on the ground of qualified immunity).

Motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F. R. D. 579 (D. Nev. 2013).

///

## III.    STIPULATION

Staying discovery in this case will further the goal of efficiency for this Court and the Parties, as the three requirements set forth in *Kor Media Group, LLC* apply here.

Defendants contend that the Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The MSJ Defendants intend on filing, once the States computer systems have been restored, is potentially case dispositive as Defendants will be asking this Court to dismiss all of Plaintiff's claims against Defendants for not properly exhausting his administrative remedies pursuant to the PLRA. If this Court grants Defendants' MSJ, there will be no claim or defense that survives, and this case will be disposed of in its entirety.

Defendants also believe the MSJ has a likelihood of success because as noted above, pursuant to the PLRA, Plaintiff is required to exhaust his administrative remedies prior to filing a lawsuit. Defendants contend that records show Plaintiff has not exhausted his administrative remedies. Thus, Plaintiff is procedurally barred from moving forward with this lawsuit.

///
///
///
///
///
///
///
///
///
///

1    Accordingly, the Parties respectfully request this Court stay discovery until it

2 renders a decision on Defendants' MSJ which will be filed once the State has restored its

3 computer networks.

4    **IT IS SO STIPULATED**

5 By: */s/ Peter Angulo*               By: */s/ Rudolf M. D'Silva*

6 PETER ANGULO (Bar No.3672)         RUDOLF M. D'SILVA (Bar No. 16227)
*Attorney for Plaintiff*              Deputy Attorney General

7                                      *Attorneys for Defendants*

8    **IT IS SO ORDERED:**

9

10 _____
HON. DANIEL ALBREGTS

11 UNITED STATES MAGISTRATE JUDGE

12    DATED: 9/4/2025

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28